IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 3:22-cv-02536 |
| HEALTH TRANSPORT, INC d/b/a TRANS-CARE MEDICAL TRANSPORT; CHARLES LEE TURNER; BRANDON TURNER; CHARLES BYRUM TURNER; STEVEN NORMAN; BRANDON COUCH, Individually and as Representative of the ESTATE OF CALEB COUCH, and JESSICA CRAWFORD, Individually and as Representative of the ESTATE OF CALEB COUCH, | § § § § § § § § § § § § | |
| Defendants. | § § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Atain Specialty Insurance Company "**Atain**" or "**Plaintiff**") files this Original Complaint for Declaratory Judgment and respectfully shows the Court the matters set forth below:

**PARTIES**

1.     Atain Specialty Insurance Company ("**Atain**") is a Michigan corporation having its principal place of business in Michigan.

2.     Health Transport, Inc. d/b/a Trans-Care Medical Transport (hereinafter "**Health Transport**")[1] is a company organized under the laws of the State of Texas with its principal place

---

[1]     The named insured on the subject Atain Policy **is Health Transport, Inc.** d/b/a **Trans-Care Medical Transport**. The registered assumed business name **Trans-Care Medical Transport** is not identified or named in the Underlying Lawsuit, discussed *infra*. **Trans-Care Medical Event Services** – apparently a separate assumed business

ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT                                    **Page 1**

of business in Tarrant County, Texas. Health Transport, Inc. may be served through its registered agent, Charles B. Turner, at 6890 Hudson, Kennedale, Texas 76080; 6898 Hudson Village Creek, Kennedale, Texas 76060; 6896 Hudson Village Creek Road, Fort Worth, Texas 76117; 4018 Bristlecone, Fort Worth, Texas 76137, or wherever he may be found.

3.      Charles Lee Turner is an individual who resides in Tarrant County, Texas. He may be served at 6890 Hudson, Kennedale, Texas 76080; 6898 Hudson Village Creek, Kennedale, Texas 76060; 6896 Hudson Village Creek Road, Fort Worth, Texas 76117; 4018 Bristlecone, Fort Worth, Texas 76137, or wherever he may be found.

4.      Brandon Turner is an individual who resides in Tarrant County, Texas. He may be served at 6890 Hudson, Kennedale, Texas 76080; 6898 Hudson Village Creek, Kennedale, Texas 76060; 6896 Hudson Village Creek Road, Fort Worth, Texas 76117, or wherever he may be found.

5.      Steven Norman is an individual who resides in Dallas County, Texas. He may be served at 6890 Hudson, Kennedale, Texas 76080; 6898 Hudson Village Creek, Kennedale, Texas 76060; 6896 Hudson Village Creek Road, Fort Worth, Texas 76117; 1932 La Prada Parkway, Mesquite, Texas 75150, or wherever he may be found.

6.      Charles Byrum Turner is an individual who resides in Tarrant County, Texas. He may be served at 6890 Hudson, Kennedale, Texas 76080; 6898 Hudson Village Creek, Kennedale, Texas 76060; 6896 Hudson Village Creek Road, Fort Worth, Texas 76117; 305 Luna Vista Drive, Fort Worth, Texas 76108, or wherever he may be found.

7.      Brandon Couch, Individually, and as a Parent-Representative of the Estate of Caleb Couch, is added to this lawsuit as a necessary party so binding declaratory judgment can be issued.

---

name for **Health Transport, Inc.** and a separately named Defendant in the Underlying Lawsuit – is not identified on the Atain policy nor application for it.

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**                    **Page 2**

Couch is an individual who resides in Denton County, Texas. Couch may be served at his residence of 16500 Sunnyland Drive, Celina, Texas, 75009.

8.    Jessica Crawford, Individually, and as a Parent-Representative of the Estate of Caleb Couch, is added to this lawsuit as a necessary party so binding declaratory judgment can be issued. Crawford is an individual who resides in Kaufman County, Texas. She may be served at her residence of 301 W. Shands Street, Forney, Texas 75126

### JURISDICTION AND VENUE

9.    The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

10.    This is an action for declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201-2202. An actual and substantial controversy exists between the parties. By this action, Plaintiff seeks a declaration related to Atain's duties to Defendants Health Transport, Inc., Charles Lee Turner, Brandon Turner, Steven Turner, and Charles Byrum Turner for the claims brought against them in the underlying lawsuit styled [*Plaintiff*] *Brandon Couch, Individually, and as Representative of the Estate of Caleb Couch, and [Intervenor] Jessica Crawford, Individually and as Representative of the Estate of Caleb Couch v. Alan Crawford; Super Bowl Speedway; James Bryant; Becky Bryant; Mark Chewning; Health Transport, Inc.; Charles Lee Turner; Brandon Turner; Steven Norman; and Charles Byrum Turner*; Cause No. 352-328677-21, pending in the 352nd Judicial District Court of Tarrant County, Texas (the "**Underlying Lawsuit**"). Copies of the pleadings in the Underlying Lawsuit are attached hereto as follows:

**Exhibit "A"**   Plaintiff's Original Amended Petition[2]

---

[2]    Plaintiffs' Original Petition named, as separate Defendants and the following order: **Trans-Care Medical Event Services** and **Health Transport, Inc**.

**Exhibit "B"**    Plaintiff's First Amended Petition[3]

**Exhibit "C"**    Plaintiff's Second Amended Petition

**Exhibit "D"**    Intervenor's Original Petition[4]

**Exhibit "E"**    Plaintiff's Third Amended Petition[5]

**Exhibit "F"**    Plaintiff's Fourth Amended Petition[6]

Plaintiff's Fourth Amended Petition and Intervenor's Original Petition are the live pleadings in the Underlying Lawsuit. However, based on information and believe, Plaintiff and Intervenor have sought, as to Health Transport, default judgments on their Original Petitions.

11.    Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(a) because the events giving rise to this action and/or parties exists in this District.

**FACTUAL BACKGROUND**

12.    Atain issued a Commercial General Liability insurance policy, No. CIP418303, to Defendant Health Transport, Inc. d/b/a Trans-Care Medical Transport ("**Health Transport**")with an effective policy period of May 6, 2021, to May 6, 2022 (the "**Policy**").[7]  Per the application for the policy and as designated in the "Business Description" in the Policy, Health Transport was a "*Stand-by*," "*Non-Emergency Medical Transportation*" company that provided "*Private Ambulance Services*."[8] Despite its representations to Atain, Health Transport's operations are not so limited, but rather parallel that of a substitute for a municipal Fire and Rescue department.

---

[3]    The First Amended Petition removed **Trans-Care Medical Event Services** as a named Defendant.

[4]    The Petition in Intervention has not been amended and includes, relevant to this coverage action, **Health Transport, Inc**. as a named Defendant, with no reference to any assumed business names or alleged owners, employees or agents of that Defendant.

[5]    The Third Amended Petition added as named Defendants Charles Lee Turner, Brandon Turner, and Steven Norman as alleged "owners, employees, and/or agents" of **Health Transport, Inc**.

[6]    The Fourth Amended Petition added as a named Defendants Charles Byrum Turner alleged to be an additional "owner, employee, and/or agent" of **Health Transport, Inc**.

[7]    The Policy is attached hereto as **Exhibit "G."**

[8]    The "Non-Emergency Medical Transportation" entitled application is attached hereto as **Exhibit "H."**

ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT                                **Page 4**

13.    Since. and because of the filing of the Underlying Lawsuit, Atain has learned that Health Transport – primarily under the name **Trans-Care Medical Event Services** as opposed to the **Trans-Care Medical Transport** business name on the Atain Policy and application for it – marketed itself on social media pages it hosts solely as an "*Emergency Rescue Service*:"[9]

| | |
|---|---|
| Our **Motorsport Safety services** provide **Fire/Rescue** units equipped with **several types of fire extinguishers, rescue tools (Jaws of Life) and 250 gallons of water**. These units are also **equipped to handle medical emergencies _until_ the ambulance arrives …** Our season is starting soon. We still have positions available for …**firefighters to staff our rescue units**. | We provide progressive pre-hospital **emergent medical care** with on-site event services to include **Mobile Intensive Unit** ambulance, Paramedic **UTVs**, **on-site medical trailers**, **fire-rescue** vehicles |
| Trans Care provides **Mobile Intensive Care Unit** ambulances staffed with certified Paramedic Personnel. The units are staffed and **equipped to handle any emergency …** | Our on-**site medical rehab trailers** and **medical tents** are staffed with Paramedics and a **licensed physician** … Our **on-site medical** is designed to handle up to 100,000 patrons. |

14.    Images from its marketing efforts display **Trans-Care Medical Event Services** labeled on equipment and demonstrate operations wholly inconsistent with its representation to Atain as being a *stand-by, non-emergency, private ambulance service*,[10] instead evidenced, as described, a full-service "emergency rescue service," staffed with emergency fire-rescue rescue and extraction crews including firefighters and heavy-duty fire-suppression equipment – the very operations that serve as the basis of the claims in the Underlying Lawsuit, discussed infra. Atain's

---

9

10

named insured confirmed the extent of its operations after the filing of the Underlying Lawsuit, conceding that it was under contract to, and did provide for the race track involved in the Underlying Lawsuit, fire-suppression and fire-rescue services, including a fire-rescue labeled water truck, $CO_2$ fire extinguishers, fire extinguishers with additives, and dry chemicals for fire-rescue incidents such as the involved in the Underlying Lawsuit.

15.    Among others, Health Transport and alleged owners, employees and/or agent Charles Lee Turner, Brandon Turner, Steven Norman, and Charles Byrum Turner are named Defendants in the Underlying Lawsuit in which the parents of Caleb Couch seek damages for his death resulting from his participation in a racing event on July 10, 2021, at the Super Bowl Speedway in Greenville, Texas.

16.    Health Transport tendered and requested coverage from Atain for Plaintiff Brandon Couch's ("**Couch**") Original Petition and Jessica Crawford's ("**Crawford**") Petition in Intervention to Atain. Atain timely denied coverage for each tender, respectively.

17.    At no time has Atain has any other Defendant in the Underlying Lawsuit – including those identified alleged to be owners, employees and/or agents of Health Transport – tendered to or requested coverage from Atain for the claims in the Underlying Lawsuit. Moreover, at no time has any Defendant in the Underlying Lawsuit, including Health Transport, tendered or requested coverage for any of the Amended Petitions filed in the Underlying Lawsuit.

The Underlying Lawsuit

18.    In his Original Petition, Coach individually and as the representative of the Estate of his son, Caleb Couch, he alleges, in relevant part, as follows:

> Caleb died during a race on July 10, 2021, after his Sprint-style race car struck the side of a railing, flipped over, and trapped him inside. Caleb was left engulfed in flames and suffered third-degree burns. He died several days later. …. It took safety workers several minutes just to pull Caleb from his vehicle. … Caleb's death was

the result of multiple failures. … For example, fire suppression equipment should be readily available to put out any fires on the racetrack. Sadly, these Defendants [**Trans Care Event Medical Services** and **Health Transport, Inc.**] did not provide functioning safety measures. Defendants **Trans Care Event Medical Services** and **Health Transport, Inc.** were supposed to provide safety equipment for the race, but the equipment was not effective. Tragically, Defendants [**Trans Care Event Medical Services** and **Health Transport, Inc.**] failed to do their jobs, resulting in Caleb's death … Even when the crew at Super Bowl Speedway made their way out to extract Caleb from the vehicle, they experienced issues with safety equipment provided by [**Trans Care Event Medical Services** and **Health Transport, Inc.** Fire extinguishers malfunctioned, leading to another lengthy delay getting Caleb to safety.[11]

19.     By his Original Petition, Couch sued – in addition to Caleb's step-father, the Speedway and its owners/employees – (a) **Trans Care Event Medical Services**, and (b) **Health Transport, Inc**. By amended petitions, Couch sued: (c) Charles Lee Turner; (d) Brandon Turner, (e) Steven Norman, and (f) Charles Byrum Turner. Couch asserts causes of action for negligent activity, negligence per se, and gross negligence.

20.     In her Original Petition in Intervention, Crawford individually, and independent of her husband, as the representative of the Estate of her son, Caleb Couch, alleges, in relevant part, as follows alleges:

> On or about July 10, 2021, 17-year-old Caleb Couch … was participating in a sprint car warm-up race at Super Bowl Speedway track in Greenville, Texas … During the race in question, Caleb's vehicle hit a wall, flipped over, and caught fire, trapping Caleb in the flames. Fire equipment at the scene failed and as a result of the flames could not be timely extinguished … Defendant **Health Transport, Inc.** is … negligent in one or more of the following ways … (a) failing to ensure working safety equipment, including fire extinguishers, were available and in safe working order at the time of the incident; (b) failing to timely and adequately respond to an emergency situation; (c) failing to abide by general safety rules … (d) failing to maintain working fire extinguishers … (e) failing to regularly inspect the premises

---

[11]     *See* Couch's Original Petition, **Ex. A** The allegations in Couch's Amended Petitions are materially the same as it relates to Health Transport and this coverage action.

for ensuring a sufficient amount of working safety equipment such as fire extinguishers … (f) failing to ensure that on-site service personnel maintained fire and safety equipment … and (g) failing to place fire extinguishers and other safety equipment in conspicuous locations.[12]

21.    By her Original Petition in Intervention, Crawford sues – and in addition to the Speedway and its owners/employees – Health Transport for negligence, negligence per se, and gross negligence.[13]

**The Atain Policy**

22.    The Atain Policy contains a **COMBINED COVERAGE AND EXCLUSION ENDORSEMENT** which contains the following **PROFESSIONAL SERVICES EXCLUSION**:

> This insurance does not apply and there shall be no duty to defend or indemnify any insured for an "occurrence," "suit," liability, demand or cause of action arising*, in whole or in part,* out of any claim involving the rendering or failure to render any "**professional service**." …. "**Professional Service**" includes, but is not limited to, any of the following: (1) accountant; (2) architect; (3) engineer; (4) insurance agent or broker; (5) lawyer; (6) any medical professional; (7) real estate agent or broker; (8) surveyor; (9) health inspector; (1) safety inspector; (11) any service where an insured is retained or asked to render an opinion, written or verbal, to a third-party; or (12) any other service that is of a professional nature, regardless of whether a license or certification is required.[14]

23.    This foregoing endorsement squarely negates coverage based on the allegations in the Underlying Lawsuit against Health Transport for alleged negligent acts and/or omissions in furnishing and/or rendering "*Emergency Fire/Rescue*" and "*Motorsport Safety*" professional services. Of course, the same would be true as to CGL **Coverage Parts A, B** and **C**, even if the Underlying Lawsuit alleged negligent acts and/or omissions by Health Transport in furnishing and/or rendering "**Private Ambulance Services**" –  the only **professional service** scheduled in the **Coverage Part D** Endorsement discussed below.

---

[12]    *See* Crawford's Petition in Intervention, **Ex. C**.

[13]    Crawford does not sue any of the individual Couch alleges to be owners, employees and/or agents of Health Transport.

[14]    *See* Atain Policy, Ex. C, p. 25.

24.    Nonetheless, by endorsement – entitled **PROFESSIONAL LIABILITY COVERAGE PART AND PROFESSIONAL LIABILITY COVERAGE PART** – a new **Coverage Part D** is addended with a limited exception to the otherwise applicable **PROFESSIONAL SERVICES EXCLUSION** is created but strictly limited to where "**professional services**" identified in the Schedule of the endorsement caused the claimed bodily injury.[15] Here, the Schedule in the **Coverage Part D** Endorsement specifically, and only, identifies **PRIVATE AMBULANCE SERVICE.**[16]

25.    More specifically, the **Coverage Part D** Endorsement's **Insuring Agreement,** at **A.1.a.** and **b.**, provides in relevant part as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "**bodily injury**" … to which this coverage part applies *caused by a* "**professional incident**." … This insurance applies to "bodily injury" …. only if …. caused by a "**professional incident**" …[17]

Per Section **G.** of the **Coverage Part D** Endorsement, "**Professional Incident**" means any negligent act or omission:

> 1.    In the furnishing of healthcare services … *but only* of the type described in the "**Schedule**" of this coverage part.

---

[15]    *See id.*, p. 35. The **Schedule** at the top of the Endorsement provides: **Forms and Endorsements Applicable: See General Liability Coverage Form**. Moreover, paragraphs **E.** and **F.** of the Endorsement provide, respectively, that:

> All exclusions in **SECTION I COVERAGES** and any amendments thereto, apply to **COVERAGE D**" and **SECTION VI – COMMERCIAL GENERAL LIABILITY CONDITIONS** 1 through 9, and any amendments thereto, apply to COVERAGE D ….

However, the endorsement also makes inapplicable the **PROFESSIONAL SERVICES EXCLUSION** if such Scheduled professional services caused the claimed bodily injuries. *See* **E. Exclusion VI [Professional Services]** in form **AF 001 007 (Combined Coverage and Exclusion Endorsement)** does not apply to the professional services described in the "**Schedule**" of this coverage part [**D**].

[16]

[17]    *See id.*, p. 33 (emphasis added).

2.  in the rendering of any other **professional services** *but only* of the type described in the "**Schedule**" of this coverage part. [18]

26.    Accordingly, Coverage Part D Endorsement extends coverage for otherwise excluded "**professional services**":

> but only [for] … **bodily injury** … caused by ...negligent act or omission … in the furnishing [or] … rendering of … PRIVATE AMBULANCE SERVICES.

The Underlying Lawsuit is void of such any allegations; the allegations against Health Transport and its alleged owners, employees, and/or agents involve negligent acts or omissions with respect to rendering or furnishing "*Emergency Fire/Rescue*" and "*Motorsport Safety*" professional services – the very operations Health Transport. As such, no coverage exists under the Atain Policy for the claims in the Underlying Lawsuit as to Health Transport or any other potential insured.

27.    Moreover, coverage under the Atain Policy for the claims in the Underlying Lawsuit is independently negated, as to any potential insured, based on the FRAUD CONCEALMENT & MISREPRESENTATION ENDORSEMENT, which provides as follows:

> This policy was issued based on the information supplied on an application and other correspondence, including your claims or loss history. This information is attached to and considered to be part of this policy. You [Health Transport, Inc.] should review this information carefully because the truth of this information was of paramount importance in influencing our decision to issue this policy. You [Health Transport, Inc.], for all the insureds under this policy, do warrant the truth of such information to the best of your and their knowledge at the inception of this policy. If such information is false or misleading, it may cause denial of coverage [and] there shall be no duty to defend or indemnify any insured. [19]

28.    In procuring the Atain Policy, the application submitted by Health Transport, titled "**Non-Emergency Medical Transportation,**" describes its services and operations only as "**ambulance *stand by* service**." As discussed above, because of the allegations in the Underlying Lawsuit and investigation prompted by it, Atain has learned that Health Transport's operations –

---

[18]    *See id.*, p. 33 (emphasis added).

[19]    *See id.*, p. 5 (emphasis added).

"*Emergency Fire/Rescue*" and "*Motorsport Safety*" professional services – present an extremely different – and likely uninsurable – risk than that represented by it in applying for the Policy. Given such false, or at least misleading, representations in the application – made a part of the "four-corners" of the Policy per the express terms of the foregoing Endorsement – Atain owes no duty to defend or indemnity any insured for the claims in the Underlying Lawsuit given such false and/or misleading representations are certainly material in the context of the claims and allegations in the Underlying Lawsuit.

### DECLARATORY RELIEF: NO COVERAGE UNDER THE POLICY

29.     Atain incorporates by reference the allegations stated above.

30.     Atain seeks a declaratory judgment that it does not owe coverage – neither a duty to defend nor indemnify – under the Atain Policy for the claims asserted in the Underlying Lawsuit as against any potential insured, including Health Transport, Inc., Charles Lee Turner, Brandon Turner, Steven Norman, and Charles Byrum Turner.

### PRAYER

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests judgment against Defendants as follows:

1.     A declaration that Atain does not have a duty to defend or indemnify Health Transport, Inc.; Charles Lee Turner; Brandon Turner; Steven Norman; and Charles Byrum Turner for the claims in the Underlying Action; and

2.     Such other and further relief as to which Atain is justly entitled.

Dated:   November 11, 2022.

Respectfully submitted,

/s/ Matt R. Pickelman
MATT R. PICKELMAN
State Bar No. 24013328
mpickelman@qslwm.com

JONATHAN A. LAUTIN
State Bar No. 24092669
jlautin@qslwm.com

**QUILLING SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Facsimile)

**ATTORNEYS FOR PLAINTIFF ATAIN SPECIALTY INSURANCE COMPANY**